O

# United States District Court
# Central District of California

| | |
|---|---|
| MISAEL ROMERO,<br><br>                  Plaintiff,<br><br>     v.<br><br>NARENDRA MAKAN, et al.<br><br>                  Defendants. | Case No.: 5:18-CV-353-ODW (SHKx)<br><br>**ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES [20]** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Misael Romero's ("Romero") Motion to Strike Defendants' Affirmative Defenses under Federal Rule of Civil Procedure 12(f). (Mot., ECF No. 20.) Having carefully considered the papers filed in support of this Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7–15.

## II. FACTUAL BACKGROUND

On February 19, 2018, Romero filed a complaint against Narendra Makan, Daxa Makan, and Motel 7 West (collectively "Defendants"). (Compl. ¶¶ 5–7, ECF No. 1.) On April 13, 2018, Defendants filed an answer asserting three affirmative defenses, one for denial of supplemental jurisdiction and two for failure to state a claim. (Answer ¶¶ 38–40, ECF No. 18.) On May 7, 2018, Romero moved to strike all three affirmative

defenses, claiming that each is deficient as a matter of law. (Mot. 5.) Rather than opposing Romero's Motion to Strike, on May 23, 2018, Defendants filed an amended answer reasserting only the first affirmative defense ("First Affirmative Defense"), and removing the Second and Third affirmative defenses. (Am. Answer ¶ 38, ECF No. 21.) Because Defendants withdrew their Second and Third affirmative defenses, the Court **DENIES AS MOOT** the portion of Romero's Motion that relates to the request to strike those affirmative defenses. For the following reasons, the Court **GRANTS** Romero's Motion as to Defendants' First Affirmative Defense.

### III.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a court may strike an affirmative defense if it is insufficient or is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). An affirmative defense must give the plaintiff fair notice of the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). An affirmative defense is insufficient as a matter of law where "there are no questions of fact . . . any questions of law are clear and not in dispute, and . . .under no set of circumstances the defense could succeed." *Ganley v. Cnty. of San Mateo*, No. 06-3923, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22, 2007) (internal quotation omitted).

### IV.  DISCUSSION

Romero asks the Court to apply the heightened "plausibility" pleading standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) to Defendants' affirmative defense. (Mot. 4–5.) Neither the Supreme Court nor any of the circuit courts have addressed whether the heightened pleading standard applies to affirmative defenses, and there is a division on this issue among federal district courts in this circuit.[1] The majority of district courts have held that the *Twombly/Iqbal* pleading standard applies equally to the pleading of affirmative defenses

---

[1] *Compare Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) (extending *Twombly*'s heightened pleading standard to affirmative defenses), *with J & J Sports Prods., Inc. v. Scace*, No. 10CV2496-WQH-CAB, 2011 WL 2132723, at *1–2 (S.D. Cal. May 27, 2011) (declining to extend *Twombly* to affirmative defenses).

as it does to the pleading of claims for relief in a complaint.[2]  The reason to do so is a valid one—by applying the heightened pleading standard to affirmative defenses, defendants must state a "valid factual basis for pleading an affirmative defense and not [add] it to the case simply upon some conjecture that it may somehow apply." *Perez v. Gordon & Wong Law Grp., P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at *7 (N.D. Cal. Mar. 26, 2012) (quoting *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009)).

*Twombly* and *Iqbal* strengthened Rule 8's fair-notice pleading requirement to demand that a pleading set forth "enough facts" to make a claim "plausible on its face" and contain "more than labels and conclusions." *Twombly*, 550 U.S. at 555, 570.  Rule 8 requires more than unadorned accusations; legal conclusions must be supported by factual allegations.  *Iqbal*, 556 U.S. at 678–79.

Given that Rule 8 governs both the pleading of claims and the pleading of affirmative defenses, and the requirements for both parallel each other, the Court sees no reason why the *Twombly*/*Iqbal* pleading standard should not apply to affirmative defenses.  *See Barnes*, 718 F. Supp. 2d at 1172 (comparing the requirements in Rule 8 regarding pleading claims and affirmative defenses, holding they should be held to the same standard); *see also Perez*, 2012 WL 1029425, at *7; *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) ("An affirmative defense is subject to the same pleadings standard as is the complaint.").  The Court therefore concludes that the *Twombly*/*Iqbal* heightened pleading standard applies to affirmative defenses.

In this case, Defendants' First Affirmative Defense, entitled "denial of supplemental jurisdiction," is not an affirmative defense, but rather Defendants' assertion that Romero has failed to state a claim.  (Mot. 6 (citing *Barnes*, 718 F. Supp. 2d at 1174) (holding that failure to state a claim is not an affirmative defense).)  Additionally, Romero correctly asserts that under Federal Rule of Civil Procedure 8(c), an affirmative defense "does not negate the elements of the plaintiff's claim, but instead

---

[2] *See, e.g.*, *Barnes*, 718 F. Supp. 2d at 1171–72 (citing cases).

1   precludes liability even if all of the elements of the plaintiff's claims are proven." (Mot.
2   6 (quoting *Roberge v. Hannah Marine Corp.*, No. 96-1691, 1997 WL 468330, at *3
3   (6th Cir. 1997)).) Therefore, the First Affirmative Defense should have been asserted
4   as a motion to dismiss, rather than an affirmative defense.

5   Further, the Court agrees with Romero that the First Affirmative Defense fails to
6   give fair notice in regard to the elements that Romero allegedly failed to plead. (Mot.
7   7.) Defendants' First Affirmative Defense provides only a conclusory statement that
8   Romero has failed to state a claim. (Am. Answer ¶ 38.) It states in its entirety:

> The Plaintiff has sought declaratory relief and injunctive relief in each and every prayer for each and every cause of action, however has completely failed to plead the necessary allegations to give rise to the cause of action for a violation of the Americans with Disabilities Act of 1990. Without such allegations, Plaintiff has failed to state a claim for which declaratory relief nor injunctive relief may be granted.

(*Id.*) This statement asserts no facts, and gives no notice as to how Romero fails to state a claim, and is precisely the type of "labels and conclusions" that *Iqbal*/*Twombly* forbids.

Because the Defendants' First Affirmative Defense fails as a matter of law and fails to give Romero fair notice, the Court **STRIKES** it.

///
///
///
///
///
///
///
///
///

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Romero's Motion as to Defendants' First Affirmative Defense and **DENIES AS MOOT** the Motion as to Defendants' Second and Third affirmative defenses. (ECF No. 20.) The Court **STRIKES** Defendants' First Affirmative Defense.

**IT IS SO ORDERED.**

July 3, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**